

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 13, 1948

Hon. Wayne L. Hartman,
County Attorney,
De Witt County,
Cuero, Texas

Opinion No. V-477.

Re: Legality of the ap-
pointment by a Com-
missioners' Court of
one of its members
as Commissioner to
sell real estate un-
der Article 1577,
R. C. S,

Dear Sir:

We refer to your letter of December 23, 1947, in which you submit the question:

"May the Commissioners Court of De Witt County, Texas, appoint one of its own members as Commissioner, without compensation, to sell real estate belonging to said County, under the provisions of Article 1577, Rev. Civ. St. 1925."

That Article reads:

"The commissioners court may, by an order to be entered on its minutes, appoint a commissioner to sell and dispose of any real estate of the county at public auction. The deed of such commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and proved and recorded shall be sufficient to convey to the purchasers all the right, title, and interest and estate which the county may have in and to the premises to be conveyed. Nothing contained in this article shall authorize any commissioners court to dispose of any lands given, donated or granted to such county for the purpose of education in any other manner than shall be directed by law."

Hon. Wayne L. Hartman - Page 2   (V-477)

We assume that the real estate in question is other than County School Land and must be sold under the provisions of Article 1577, V. C. S.

In Spencer v. Levy, 173 S. W. 550, writ refused, the Court said:

"We are of the opinion that the deed executed by the Chief Justice of Falls county to Frank Barnes, under whom W. M. Reed claimed, did not convey title to the grantee therein, for the reason that it does not appear that he was appointed by the commissioners' court to sell said land, nor that such sale was made at public auction."

The sale by the Chief Justice (now County Judge) in that case was held void "for the reason that it does not appear that he was appointed by the Commissioners' Court to sell the land, nor that such sale was made at public auction." This language clearly indicates that the County Judge may be appointed to make such a sale; and since the Judge is a member of the Commissioners' Court it necessarily follows that any other member of the Court may be appointed to perform such service. However, the person appointed must serve without compensation.

SUMMARY

A member of the Commissioners' Court is eligible to serve without compensation as Commissioner to sell county land under Article 1577, R. C. S., 1925.

Very truly yours,

APPROVED:

ACTING
ATTORNEY GENERAL
WTW:wb

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant